United States District Court
Southern District of Texas
**ENTERED**
October 19, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-2725 |
| | § | |
| VARIOUS BAKING EQUIPMENT OF IRANIAN ORIGIN, | § | |
| | § | |
| | § | |
| *Defendant in rem.* | § | |
| | § | |

**ORDER**

Pending before this Court is the United States of America's ("the Government") Motion to Strike Claimant's Affirmative Defenses. (Doc. No. 20). Claimant BiBi Foods, LLC ("Claimant") has responded in opposition, (Doc. No. 21), and the Government has replied in support of its motion. (Doc. No. 23). Also pending before the Court is Claimant's Conditional Motion for Leave to File an Amended Answer. (Doc. No. 22). After considering the motion and the law, the Court hereby **GRANTS-IN-PART** and **DENIES-IN-PART** the Government's Motion to Strike Claimant's Affirmative Defenses. The Court **DENIES** Claimant's Conditional Motion for Leave to File an Amended Answer.

## I. Factual Background

This is an *in rem* civil forfeiture case, the underlying factual allegations of which are addressed in detail in this Court's order denying Claimant's motion to dismiss. (Doc. No. 15). In summary, the Government seized several pieces of baking equipment, alleging that they were of Iranian origin and imported without a license. Since the entry of the Court's order, Claimant has filed an answer, and the Government has moved to strike Claimant's First, Sixth, Seventh, Ninth, and Tenth affirmative defenses.

## II. Legal Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "[M]otions to strike a defense are generally disfavored . . . ." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). "Striking an affirmative defense is rare and warranted only when a defense 'cannot, as a matter of law, succeed under any circumstance.'" *Njoku v. Harris Cnty. Hosp. Dist.*, 2024 WL 23175, at *2 (S.D. Tex. Jan. 2, 2024) (quoting *Moody Nat'l CI Grapevine S., L.P. v. TIC Tex. Two 23, L.L.C.*, 2019 WL 5595332, at *2 (S.D. Tex. Oct. 30, 2019) (quotation omitted)). Stated otherwise, "[a] motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)).

Importantly, "[a]ffirmative defenses are not subject to the heightened pleading requirements stated in" *Twombly* or *Iqbal*. *Youngers v. Scott & Assocs., P.C.*, 2025 WL 3488668, at *2 (S.D. Tex. Oct. 24, 2025) (quoting *T.R.M. v. GlaxoSmithKline LLC*, 2015 WL 12551485, at *2 (S.D. Tex. Aug. 21, 2015)), *adopted*, 2025 WL 3487703 (S.D. Tex. Dec. 4, 2025). Instead, a defendant need only "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *Id.* (internal quotation marks omitted) (quoting *Alexander v. SCI Shared Res. LLC*, 2025 WL 2398769, at *2 (S.D. Tex. Aug. 1, 2025), *adopted*, 2025 WL 2480984 (S.D. Tex. Aug. 28, 2025)).

## III. Analysis

As stated above, the Government has moved to strike Claimant's First, Sixth, Seventh, Ninth, and Tenth Affirmative Defenses. As an initial matter, an affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's

claim, even if all the allegations in the complaint are true." *Defense*, BLACK'S LAW DICTIONARY (12th ed. 2024). Affirmative defenses are governed by Federal Rule of Civil Procedure 8(c), which contains a non-exhaustive list of eighteen affirmative defenses. *See* FED. R. CIV. P. 8(c).

> Generally speaking, the rule's reference to "any avoidance or affirmative defense" encompasses two types of defensive allegations: those that admit the allegations of the complaint but suggest some other reason why there is no right of recovery, and those that concern allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by a simple denial in the answer.

5 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1271 (4th ed.). The Fifth Circuit, quoting this passage with approval, added:

> A matter is an 'avoidance or affirmative defense' only if it assumes the plaintiff proves everything he alleges and asserts, even so, the defendant wins. Conversely, if, in order to succeed in the litigation, the defendant depends upon the plaintiff failing to prove all or part of his claim, the matter is not an avoidance or affirmative defense. A defendant does not plead affirmatively when he merely denies what the plaintiff has alleged.

*Germain v. US Bank Nat'l Ass'n as Trustee for Morgan Stanley Mortgage Loan Trust 2006-7*, 920 F.3d 269, 278 n. 14 (5th Cir. 2019). The court considers each affirmative defense in turn.

### A. Claimant's First Affirmative Defense

Claimant's First Affirmative Defense is that the Complaint "fails, in whole or in part, to allege facts sufficient to establish every statutory prerequisite necessary to support forfeiture of the Subject Equipment under 19 U.S.C. § 1595a(c), 18 U.S.C. § 545, CAFRA, or any other applicable provision of federal law." (Doc. No. 19 at 29). The Government argues that the Court should strike this affirmative defense because it merely restates Claimant's Rule 12(b)(6) Motion to Dismiss, which this Court previously denied. (Doc. No. 20 at 4).

While "[a]ffirmative defenses are not subject to the heightened pleading requirements stated in" *Twombly* or *Iqbal*, *Youngers*, 2025 WL 3488668, at *2 (S.D. Tex. Oct. 24, 2025), this portion of the pleading does not amount to an affirmative defense. It is, rather, a mere rehashing

of Claimant's prior 12(b)(6) motion, which the Court has already denied. In other words, this affirmative defense entirely "depends upon the plaintiff failing to prove all or part of his claim," and thus "is not an avoidance or affirmative defense." *See Germain*, 920 F.3d at 278 n. 14. The same reasoning applies here. The Government's motion is **GRANTED** with respect to Claimant's First Affirmative Defense. Claimant's First Affirmative Defense is **STRICKEN**.

**B. Claimant's Sixth Affirmative Defense**

Claimant's Sixth Affirmative Defense is that Claimant lacked the requisite knowledge, intent, or legal culpability necessary to justify forfeiture under 19 U.S.C. § 1595a(c), and 18 U.S.C. § 545, the statutes upon which the Government relies. (Doc. No. 19 at 31). The Government argues that the Court should strike this defense because no knowledge element must be proved in an *in rem* forfeiture action brought under the statutes in question and because the "innocent owner defense" is unavailable here. (Doc. No. 20 at 8).

First, Claimant's Sixth Affirmative Defense could be construed as merely a denial of an essential element of the Government's forfeiture action: that the goods at issue were brought into the United States "knowingly and willfully" or "by means of false documents and papers." 18 U.S.C. §§ 545, 542. Were this the case, Claimant's Sixth Affirmative Defense would suffer from the same infirmity as its first. *See Germain*, 920 F.3d at 278 n. 14.

Second, Claimant's Sixth Affirmative Defense could be construed as an "innocent owner defense" under 18 U.S.C. § 983(d)(1). Section 983(d)(1) provides that "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." 18 U.S.C. § 983(d)(1). Several additional definitions in that section are relevant here. First, an innocent owner "means an owner who . . . did not know of the conduct giving rise to forfeiture . . . ." *Id.* at § 983(d)(2)(A). Second, "civil forfeiture statute" "does not include . . . the Tariff Act of 1930 or any other provision

of law codified in title 19." *Id.* at § 983(i)(2)(A). Third, "[n]otwithstanding any provision of this subsection [§ 983(d)], no person may assert an ownership interest under this subsection in contraband or other property that it is illegal to possess." *Id.* at § 983(d)(4).

As stated above, the Government alleges theories of forfeiture under 19 U.S.C. § 1595a(c) and 18 U.S.C. § 545. The innocent owner defense does not, by the clear statutory language, apply to forfeitures under 19 U.S.C. § 1595a(c). Thus, if the Government proves that the goods at issue here were "introduced contrary to law" under that section, the innocent owner defense would not apply. *See* 18 U.S.C. § 983(i)(2)(A); 19 U.S.C. § 1595a(c). The defense may, however, apply to forfeiture under 18 U.S.C. § 545. In other words, if the Government could not prove forfeiture under 19 U.S.C. § 1595a(c), but could prove forfeiture under 18 U.S.C. § 545, Claimant could potentially assert the innocent owner defense.

Common sense suggests that goods could not be "smuggle[d] or clandestinely introduce[d] into the United States" in violation of 18 U.S.C. § 545, without having been "introduced contrary to law" in violation of 19 U.S.C. § 1595a(c), which states that: "[t]he merchandise shall be seized and forfeited if it . . . is stolen, smuggled, or clandestinely imported or introduced." 19 U.S.C. § 1595a(c); *See also United States v. Broadening-Info Enterprises, Inc.*, 462 F. App'x 93, 96 (2d Cir. 2012) (holding that merchandise is introduced "contrary to law," in violation of 19 U.S.C. § 1595a(c) if it is introduced in violation of 18 U.S.C. § 542). Nevertheless, the Court is not prepared to hold, at this early stage, that the innocent owner defense "cannot, as a matter of law, succeed under any circumstance." *Njoku*, 2024 WL 23175, at *2. The statutory language of the innocent owner defense explicitly excludes Title 19, not Title 18, and the Government has pleaded theories of forfeiture under both.

The Government's motion is **DENIED** with respect to Claimant's Sixth Affirmative Defense.

**C. Claimant's Seventh Affirmative Defense**

Claimant's Seventh Affirmative Defense is that the Government "exceeded the permissible constitutional and statutory scope of" its lawful authority to conduct border inspections. (Doc. No. 19 at 31). The Government argues that the Court should strike this affirmative defense because the Government has broad authority to make searches at the border, and that—even if the Government exceeded that authority—this would not bar forfeiture. (Doc. No. 20 at 4). The Government concedes, however, that it may impact the admissibility of the evidence obtained by the seizure.

The Government fails to meet the high burden required by Rule 12(f) here. It is not the case that: "the pleading to be stricken has no possible relation to the controversy." *Njoku*, 2024 WL 23175, at *2. It is possible both that the Government exceeded its authority in conducting the search at issue here and, at this stage, the Court is unwilling to hold as a matter of law that, if true, it would not impact the outcome of this case. The Government's motion is **DENIED** with respect to Claimant's Seventh Affirmative Defense.

**D. Claimant's Ninth Affirmative Defense**

Claimant's Ninth Affirmative Defense is that the Government either already has or would, if successful in this action, violate the Takings Clause of the Fifth Amendment. (Doc. No. 19 at 32). The Government argues that the Court should strike this affirmative defense because forfeiture is not a "taking" within the meaning of the Fifth Amendment. (Doc. No. 20 at 6). Claimant concedes this point, but argues that a forfeiture is not a taking only if it is lawful. (Doc. No. 21 at 15). Since whether the forfeiture is lawful is the primary question in this case, Claimant argues, striking the affirmative defense would be premature.

Claimant's argument demonstrates that the Takings Clause of the Fifth Amendment cannot possibly operate as an affirmative defense. If the Government is unable to show that the forfeiture was lawful, then Claimant wins without "proving" this "affirmative defense." If the Government is able to show that the forfeiture was lawful, then this "affirmative defense" is inapplicable. The Government's motion is **GRANTED** with respect to Claimant's Ninth Affirmative Defense. Claimant's Ninth Affirmative Defense is **STRICKEN**.

**E. Claimant's Tenth Affirmative Defense**

Claimant's Tenth Affirmative Defense is that the forfeiture would constitute a violation of the Excessive Fines Clause of the Eighth Amendment. (Doc. No. 19 at 32). The Government argues that the Court should strike this affirmative defense because civil forfeiture actions based on customs violations fall outside the scope of the Eight Amendment. (Doc. No. 20 at 7).

Claimant argues, in response, that its Tenth Affirmative Defense is pleaded in direct compliance with Supplemental Rule of Civil Procedure G(8)(e), which requires the pleading of the Excessive Fines Clause of the Eighth Amendment as a defense in order to later seek to mitigate a forfeiture under that clause (and pursuant to 18 U.S.C. § 983(g)). This does not, however, directly respond to the Government's central point: that if the Government proves everything it must in this forfeiture case, it will have proven that the property in question is illegal to possess. If the property is illegal to possess in the United States, the Court could not order relief under 18 U.S.C. § 983 (g) even if the forfeiture was proven to be constitutionally excessive, because to "reduce or eliminate" the forfeiture would require allowing the Claimant to possess goods that are illegal to possess.

The question—like above in relation to Claimant's Sixth Affirmative Defense—becomes whether the property in question is illegal to possess. Here too, the Court is persuaded that the

government could not prove the elements of its case without proving that the property is illegal to possess. 18 U.S.C. § 545 makes it illegal to "receive[], conceal[], buy[], sell[] or in any manner facilitate the transportation" of goods "imported or brought into the United States contrary to law." 18 U.S.C. § 545.

That being the case, as above, if the Government proves that the goods were imported "contrary to law" in violation of 19 U.S.C. § 1595a(c) or 18 U.S.C. § 545, the Court cannot "reduce or eliminate" the forfeiture as contemplated by 18 U.S.C. § 983(g) without allowing Claimant to receive goods brought into the United States contrary to law.

The Government's motion is **GRANTED** with respect to Claimant's Tenth Affirmative Defense. Claimant's Tenth Affirmative Defense is **STRICKEN**.

### F. Claimant's Conditional Motion for Leave to File an Amended Answer

Claimant has also filed a Motion for Leave to File an Amended Answer. (Doc. No. 22). This conditional motion asks the Court to permit Claimant to amend *only* the challenged affirmative defenses, *only* if the Court grants the Government's motion to strike with respect to those affirmative defenses.

After reviewing those proposed amended affirmative defenses corresponding to the affirmative defenses that the Court strikes in this order, the Court finds that amendment would be futile. Each of the proposed amended affirmative defenses adds factual information to the affirmative defense, but does not cure the legal infirmities identified above. For that reason, Claimant's Motion for Leave, (Doc. No. 22), is **DENIED**.

## IV. Conclusion

For the above reasons, the Court hereby **GRANTS-IN-PART** and **DENIES-IN-PART** the Government's Motion to Strike Claimant's Affirmative Defenses. (Doc. No. 20). Claimant's First, Ninth, and Tenth Affirmative Defenses are **STRICKEN**. Claimant's motion for leave to amend is **DENIED**.

It is so ordered.

Signed on this the 19th day of October 2026.

Andrew S. Hanen
United States District Judge